IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RM COLEMAN                              :
                                        :
   v.                                   :   CIVIL NO. CCB-14-616
                                        :
OFFICER KRISTEN ROGERS, ET AL.          :
                                        :

...o0o...

**MEMORANDUM**

On May 3, 2011, plaintiff Ryan M. Coleman was charged with three counts of making a false statement to a police officer. These charges initially were brought by defendant Officer Kristen Rogers of the Baltimore City Police. Coleman alleges the officer filed these charges maliciously and without probable cause because of prior complaints he had made against another police officer. Assistant State's Attorney Michael Leedy sought and received a grand jury indictment against Coleman in June 2011. All charges against Coleman were dismissed ("nol prossed") on April 9, 2012. Essentially based on these facts, Coleman has filed various state law and federal constitutional claims against Officer Rogers, ASA Leedy, and other entities. The defendants timely removed the case to this court. All defendants other than Officer David Barnes have filed motions to dismiss.[1]

The motions have been reviewed. Preliminarily, the plaintiff's motion to remand will be denied, because all defendants joined and the removal was filed within 30 days of the last defendant being served. *See* 28 U.S.C. § 1446(b)(2); *Moore v. Svehlak*, 2013 WL 3683838, at *12-14 (D. Md. July 11, 2013).

The only federal claims in this case are brought under 42 U.S.C. § 1983 and § 1988 in Count 7 and Count 8. Count 7 names ASA Michael Leedy, the Baltimore City State's

---

[1] Apparently Officer Barnes may not have been properly served.

Attorney's Office, and the State of Maryland for bringing the charges without probable cause, and Count 8 names the State's Attorney's Office and Maryland for failure to adequately train. The State is not subject to suit under 42 U.S.C. § 1983, no plausible claim is stated against the States Attorney's Office, and ASA Leedy is entitled to prosecutorial immunity for the only specific conduct alleged: obtaining an indictment without probable cause. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (holding that a prosecutor had absolute immunity where his conduct was "intimately associated with the judicial phase of the criminal process"). Accordingly, Counts 7 and 8 are subject to dismissal. The court will decline to exercise supplemental jurisdiction over the remaining state law claims, *see* 28 U.S.C. § 1367(c)(3), and for that reason (though not for lack of timely removal) Counts 1-6 and 9 will be remanded to the Circuit Court for Baltimore City. A separate Order follows.

Date: May 23, 2014                                    /s/
                                                      Catherine C. Blake
                                                      United States District Judge